### JOHNSON v. ELLAMAR MINING Co.

(Fourth Division. Fairbanks. November 16, 1917.)

#### No. 911.

MASTER AND SERVANT ⊕═398—EMPLOYÉS' COMPENSATION ACT.

> The administrator of decedent's estate filed an affidavit and notice and served same on the defendant in compliance with the terms of section 9, chapter 71, the act of the Legislature of Alaska of April 29, 1915 (Sess. Laws Alaska 1915, p. 146 [156]). On motion to strike, because unauthorized, *held*, the filing of the claim or affidavit is only authorized by the terms of the act in cases where a deposit is made by the employer as provided in section 10 of the act. The motion is sustained, and the affidavit is stricken, but without prejudice to the right of the plaintiff to bring an action to enforce such rights as he may have in the premises.

John Oscar Johnson was killed in a shaft of the Ellamar mine at Ellamar, Alaska, on or about the 1st day of July, 1916. Claiming under the provisions of chapter 71, Session Laws of Alaska 1915 (Employers' Liability or Workmen's Compensation Act), Ernest Johnson, as administrator of the estate of said John Oscar Johnson, deceased, on the 18th day of September, 1917, filed with the clerk of this court his affidavit, setting out the death of said John Oscar Johnson, and that said Johnson at the time of his death was unmarried and left a father and mother dependent upon him, residing at Hjelmseryd, Sweden.

The Ellamar Mining Company, by its attorney, moves to strike the said affidavit of Ernest Johnson from the files of this court, upon the ground that there is no authority of law for filing same in the manner set forth in said affidavit.

⊕═See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I take it the words "in the manner set forth in said affidavit" mean that the filing of such affidavit is not authorized by law.

O. P. Hubbard, of Valdez, for plaintiff.

Donohoe & Dimond, of Valdez, for defendant.

BROWN, District Judge. The said act, chapter 71, is a very involved and imperfect one. It is a sort of patchwork, taken from the laws of various states, and still, in its attempt to provide a remedy or procedure for carrying same into effect, is unlike the law of any other state.

The chief purpose of this law is to do away with the old disputed questions of negligence, assumption of risk, etc., as well as to remove the uncertainty of juries' findings as to the amount of damages recoverable, and provides that employés injured shall have a specific recovery for specific injuries, and the heirs dependent upon the deceased shall also have a specific compensation.

This act, in so far as it covers the above purpose, is reasonably clear and satisfactory.

Another important purpose of such laws is to provide a simple and inexpensive remedy for claimants' benefit. In this respect said act in many particulars is neither clear nor satisfactory. All kinds of notices are provided for, covering from 10 to 120 days, publication in a newspaper for 60 days, all of which would seem to involve more expense and delay than the prosecution of a simple action. Upon certain notice (section 9) being given by the beneficiary, the employer may deposit $6,000 in cash, or a bond with sufficient surety for $6,000, with the clerk of the court, upon doing which he shall give certain notice (section 13) to the beneficiaries, after which (section 14) the beneficiary shall within a certain time file his verified claim for compensation. Thereupon (sections 14 and 15) the employer may file an answer to the claim of the beneficiary and regular proceedings be had before the district court or judge, where either side may have a jury and the case proceed as in ordinary civil actions.

From a careful consideration of the act, I am of the opinion that the informal proceeding of filing a claim or affidavit is only authorized by the terms of the act in cases where a deposit is made by the employer as provided in section 10.

Section 21 provides as follows:

"Actions for the recovery of compensation due under this act, may be brought, maintained and determined in and by the courts of this territory, and when so brought shall be governed by the law of procedure applicable to other actions for the recovery of money except as herein otherwise expressly provided."

### Section 26 provides as follows:

"Any and all claims for compensation under this act shall be barred unless an action for the recovery of the same shall be commenced within two years after the cause of action shall have accrued, or, in the event of mental incapacity, within two years after the removal of such mental incapacity."

There is really no great difference between commencing an action as provided by section 21 of said act and "filing a claim" as contemplated by section 14 and other sections of said act. The only difference would be that in beginning an action a summons must be issued. There is no saving either in expense or time by following the proceeding adopted by the claimant, Johnson, administrator, in this case over a proceeding by the beginning of an action and issuance of a summons. Inasmuch as the terms of the act are so obscure and involved as to the time and manner of filing the claim, I think it much the better and safer practice to proceed by bringing an action in the ordinary way. There can be no question but what an action is authorized and contemplated by the act in question, whereas the other proceeding is uncertain, and would entail considerable expense and delay in the event the upper court should reverse the action of this court thereon.

The motion of the employer, the Ellamar Mining Company, will therefore be granted, without prejudice to the right of the plaintiff, Johnson, to bring an action to enforce such rights as he may have.